**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4341**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TRAVIS DALE BRADY,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Bruce H. Hendricks, District Judge.  (6:18-cr-00384-BHH-1)

Submitted:  November 21, 2019                     Decided:  November 25, 2019

Before KEENAN and DIAZ, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Erica M. Soderdahl, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenville, South Carolina, for Appellant.  Maxwell B. Cauthen, III, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Travis Dale Brady pled guilty to the use of interstate commerce facilities in the commission of murder for hire, in violation of 18 U.S.C. § 1958 (2012). The district court sentenced him to 120 months' imprisonment. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that, in counsel's view, there are no meritorious issues for appeal, but questioning the reasonableness of Brady's sentence. Although advised of his right to file a pro se supplemental brief, Brady has not done so. We affirm.

We review Brady's sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We must first determine whether the district court committed significant procedural error, such as incorrect calculation of the Sentencing Guidelines range, inadequate consideration of the 18 U.S.C. § 3553(a) (2012) factors, or insufficient explanation of the sentence imposed. *United States v. Dowell*, 771 F.3d 162, 170 (4th Cir. 2014). If we find no procedural error, we examine the substantive reasonableness of the sentence under "the totality of the circumstances." *Gall*, 552 U.S. at 51. The sentence imposed must be "sufficient, but not greater than necessary," to satisfy the goals of sentencing. 18 U.S.C. § 3553(a). We presume on appeal that a within-Guidelines sentence is substantively reasonable. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). Brady bears the burden of rebutting this presumption "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

2

We have reviewed the record and find that Brady's sentence is both procedurally and substantively reasonable. The district court properly calculated Brady's advisory Guidelines range and adequately explained its reasons for the sentence imposed and for denying Brady's request for a downward variance. Our review of the record reveals that the 120-month within-Guidelines sentence is not unreasonable and not an abuse of discretion. *See Louthian*, 756 F.3d at 306.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Brady's conviction and sentence. This court requires that counsel inform Brady, in writing, of his right to petition the Supreme Court of the United States for further review. If Brady requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Brady. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*